This next case is Case No. 4-15-0594, Matthew Flood, Appellee v. Illinois State Police Appellant. The appearing for Appellant is Attorney Christopher Turner. Appearing for Appellee is Attorney Douglas Smothers. Good morning. Good morning. Mr. Turner, are you ready to proceed? I am. You may. Good morning, Your Honor. Good morning, Counsel. May it please the Court, I am Christopher Turner, Assistant Attorney General here on behalf of the Appellant, the Illinois State Police. This Court should reverse the Circuit Court's denial of the State Police's motion to intervene as a matter of right in the proceedings below and further reverse the Circuit Court's denial of the State Police's motion to vacate the Circuit Court's March 10, 2015 order that had directed the State Police to issue a Firearm Owner's Identification Card, or I'll call it FOID card, to the Petitioner Matthew Flood. This appeal addresses whether the State Police is entitled as a matter of right to intervene to challenge a court order that under the FOID Act directs the State Police to issue a FOID card to an individual who the State Police had already denied a FOID card because it would be contrary to federal law. In this case, the Petitioner Matthew Flood had applied to the State Police under the FOID Act. In order to get a FOID card, the State Police had denied Flood's application, finding it because he had been convicted for a battery and that that conviction qualified as a misdemeanor crime of domestic violence under the Federal Gun Control Act. Under the FOID Act, it is unlawful for a person to be issued a FOID card if it would be contrary to federal law. The Federal Gun Control Act, in turn, prohibits a person who has been convicted for a misdemeanor crime of domestic violence from possessing a firearm. Flood, after his application was denied, Flood filed a petition in the Circuit Court pursuant to Section 10 of the FOID Act to get an order that would effectively overturn the State Police's decision in order for the State Police to issue him a FOID card. Consistent with the statute, he named the local State's Attorney, the Moultrie County State's Attorney, as the defendant so the State Police were not informed of the action. There was a hearing held on the matter. The State Police weren't there, but the local State's Attorney had appeared. Mr. Flood's attorney appeared. It's a matter of the record on appeal. The documentary says that there were no objections filed and none were made in open court. And then on March 10, 2015, the Circuit Court issued an order granting Mr. Flood's petition and ordering the State Police to issue him a FOID card. The order itself, again, reiterated that the State's Attorney had deferred to the discretion of the Circuit Court and stipulated the petition. After the State Police received the order, they came to court and filed a motion to intervene as a matter of right under Section 408.82 of the Code of Civil Procedure and simultaneously filed a motion to vacate the March 10 order under Section 1203. There was a briefing and a hearing, and after the hearing, the Circuit Court denied the State Police's motion to intervene. It held the State Police had not shown that the local State's Attorney inadequately represented its interests and that the State's Attorney was entitled to present a limited or no defense at all to the petition. It then denied the motion to vacate his moot. So the primary issue on appeal is that, is whether or not the Circuit Court had abused its discretion when it denied the State Police's motion to intervene as a matter of right. And here, the State Police have shown that the court did, in fact, abuse its discretion. And that was because the local State's Attorney, Mr. Flood, the no party adequately represented its interests when the local State's Attorney did not object or offer any defense at all against the petition, even though the State Police had clearly denied the petition. I'm sorry, the application for the Floyd card. Did the court explain why it denied it? The only explanation we have is in that one sentence. It said that it was inadequate representation. It thought that it had not shown that the local State's Attorney inadequately represented. So that was your contention. Oh, no, it says that in the order at C-30, Your Honor. Yeah. The order says, I'm sorry, not C-30, it's C-74. That's the later order. Where it says that this court cannot find that the interest of the Illinois State Police is not adequately represented by the Moultrie County State's Attorney, even though it said State's Attorney may choose to present limited or no defense to the underlying petition. So that was the explanation it gave. It didn't find adequate representation because it thought the State's Attorney was entitled to provide no defense. Counsel? Looking at the order denying the petition to intervene, I'm looking at C-81. In terms of the findings made by the trial court, finding number three, it says the role of the Illinois State Police in the determination of the issuance of the Floyd card, while a ministerial function should have the same about purpose as the Moultrie County State's Attorney, that is they each act in their official capacity to represent the interests of the people of the State of Illinois, as they are equally sworn to uphold and enforce the laws of the State of Illinois. Then in finding number four, it states, therefore the court cannot find that the interest of Illinois State Police is not adequately represented by the Moultrie County State's Attorney, even though State's Attorney may choose to present limited or no defense to the underlying petition. It seems to me, and I'd like for you to address this and then also Mr. Flood's attorney, that by that logic, what the trial court is saying is that there can never be intervention by the Illinois State Police, because as long as there is a county State's Attorney acting in a case, because they are always acting in a parallel fashion, and can that be the case? I believe your reading of the decision is correct, and that is what the circuit court was effectively saying, and that cannot be the case. First, that's not even a proper criteria under section 408 for intervention as a matter of right. You look at whether or not the intervening party would be bound by the judgment, whether it was timely, whether they had an adequate interest. None of those are in dispute, and clearly the State Police had an adequate interest and would be bound by this judgment. The only question then left is adequate representation, whether or not whatever the existing party is adequately represents the State Police. Now, already we have binding authority here in the appellate court twice over, looking at almost identical circumstances, which said that, yes, the State Police is entitled to intervene as a matter of right under the section 408A2, in order to challenge just this type of decision by the circuit court. The local state's attorney certainly is the designated defendant under section 10 of the Floyd Act for these types of petitions. When someone goes under section 10 to challenge the State Police's order, that is, under section 10 they can either go under an administrative process under the director of the State Police, or they can run to court. If they go to court, the State Police is the defendant, but that does not mean that the State Police cannot intervene as a matter of right. It doesn't mean that they still have a substantial interest, given their broad authority and their role as gatekeeper of the entire Floyd card program. Based on that interest and based on that right, the appellate court has twice looked in almost identical circumstances and found that it is an abuse of discretion to deny the State Police intervention in order to challenge just this type of order. When it is directing the State Police to issue a Floyd card, even though the State Police have already found and denied that application, finding that doing so would be contrary to federal law. That was in the Winders v. People case, and then subsequently it was in the Inouye Bailey case, which we cite in both of our briefs. So in order for this court to find that there was not an abuse of discretion, we would have to depart from that authority and create a split in authority. But Mr. Flood has not provided in his briefs, he hasn't even addressed either of those decisions. He hasn't tried to distinguish them, nor has he argued that they were decided incorrectly. The State Police, in fact, in the Bailey case, even went further and found that the State Police have non-party standing to challenge such orders, based on its unique and substantial interest in the outcome of these types of proceedings. But the court didn't reach that issue. We do raise it here, that as an alternative basis for us to challenge the March 10 order, but because it's so clear already under appellate court authority that the State Police were entitled as a matter of right to intervene, just simply to represent its own interest when the local state's attorney provided no representation at all. Is your argument somewhat dependent upon the nature of the representation provided by a local state's attorney, if the state's attorney had, for instance, vigorously opposed all of this? Your Honor, that would be a different question. Our argument here does depend on the facts of the case, that there was no objection, no argument offered in opposition at all. We aren't conceding that we might not have interest in other kinds of circumstances. Certainly, the case law that looks at the multi-factor test, when you look at adequate representation, you do address the vigor. Do they take the same legal positions, the same factual positions, the intervener and the existing party, and the vigor with which, assuming they do, the vigor with which they enforce or try to represent those interests? And that would be, depending on the facts of another case, we would look at whether or not we would be entitled as a matter of right to intervene. But certainly here, in this case, where no objection is clear, there was no objection filed. And even the court reiterated in its final order, denying intervention, that originally the state's attorney had offered no argument of any kind against the petition. Initially, the state police was not notified, or the state police were not made party to the original petition? Correct, Your Honor. But he's allowed to do that under section 10 of the statute. We're not claiming that he violated the statute by doing so. But the state police promptly moved to intervene and filed its motion to vacate once it had received it. It did so within 30 days. And, as I said, we have an alternative argument that we believe that the state police has non-party standing to have filed its motion to vacate and to challenge the March 10 order. But we don't believe that the court needs to reach that issue. Unless the court has any questions about that issue, I'm just going to rest in our arguments and briefs on the issue of non-party standing. If the court agrees with us, we do ask that the court further, Certainly, the circuit court below had erred by denying our motion to vacate as moot. Put clearly in that case, it wouldn't be moot. But further, we have asked in the briefs that the court grant the state police's motion to vacate the order because How could we do that? Well, because the March 10 order is deficient as a matter of law because it doesn't make the required findings under Section 10 of the Act. That is, under Section 10 of the Act, if you go through, it lays out four required findings that the circuit court has to make in order to issue the applicant, order the state police to issue the applicant a void card. Shouldn't the trial court have an opportunity to address that claimed error? It can, and we do have a further argument. We do think as a matter of law that the record already shows that issuing him a void card would be contrary to federal law. But even if the court thinks that, assuming the court thinks that no, the circuit court should be able to address that question first, the problem with the March 10 order is he's issued an order already against the state police to issue a void card without making that finding, without addressing whether or not issuing it would be contrary to federal law. Indeed, the March 10 order, if you go through it, it makes three specific findings going through each of the other three required elements in order to issue the void card regarding to a forcible entry, the circumstances of the conviction, and whether it be against the public interest. It makes those specific findings, but it's just silent. Well, if we agree with you that your motion of the state police to intervene should have been granted and reversed and remanded for further proceedings consistent with that, why wouldn't that be adequate? Why would that not be adequate, Your Honor? Yes. Only because the motion of the March 10 order is already deficient as a matter of law because it hasn't made the finding. But if the court believes that that's the proper procedure to do this, then obviously that would be fine, too. The most important thing is that we are entitled to intervene in order to represent our interests and challenge that order. Unless the court has any more questions, then I will say no more argument until rebuttal.  Thank you, Mr. Conner. Thank you. Mr. Smothers. Thank you. Good morning, Your Honor. Good morning. May it please the Court. The state police asked the Court to vacate the... Let me back up. The state police appeals both the denial of its intervention but also asks this Court to rule on the merits of a question that the court below didn't actually address because it dismissed as moved the motion to vacate. So our position, at least with regard to issues other than intervention, is that the appropriate resolution would be remanded. With regard to intervention, it would be disingenuous to deny that subsequent appellate authority addressing this issue weighs in favor of ISP. I think that it does. The Winders case out of the 3rd District and then also the Bailey case out of the 5th District. To the extent those cases are potentially distinguishable, I would argue that they both were the result of the trial court clearly applying an incorrect standard other than Section 408A2 of the Code of Civil Procedure. In the instance of Winders, the court imposed a sort of strict 30-day requirement of timeliness, which doesn't really exist in the case law, and then also dismissed intervention on the basis of a perceived deficiency in the Section 1401 motion. In Bailey, in the 5th District, the trial court dismissed based on its, quote, personal feeling as to the role of the ISP and the state's attorney. Again, I can't deny that those cases do weigh in favor of ISP. I'm simply saying that they are distinguishable to the extent that, as we argued in our brief, the trial court in this case did expressly consider 408A2 and based its ruling on the adequacy wrong of that. In answer to Justice Harris' question, I guess I would say that the court's comments regarding the whether the trial court, I guess the question was whether the state police would be forever denied from intervening in the case. My response would, I guess, be that those comments go to the adequacy wrong of Section 408A2. As ISP argues, there are issues with potential ineffectiveness, but I believe that the courts was saying that there's presumption that an elected official would be an adequate representative of an intervener's interests, which we cite a few cases that also stand for that proposition. Standard Bank v. Oklahoma. Did you oppose the motion to intervene by the state police at the trial level? The trial counsel did oppose, yes. Assuming we're not bound by decisions in assisted districts, the question is, why isn't it good law to say that the ISP intervened? I don't understand, especially in a case like this. Maybe if we had the state's attorney vigorously disputing it and acting on the merits, but here that wasn't present, and it certainly seems like the ISP is a party in interest, given the orders entered here. What's the harm in letting them intervene to make sure that their interests are protected? Yes, Your Honor, the best I can say, I suppose, is that I think the trial court made comments and oral argument with regard to issues of competing jurisdiction. I guess, although in this instance the state's attorney did largely defer to the court, the judge, I guess, was concerned about issues of encroachment by the state police on the autonomy and authority of the state's attorney. After all, the statute does only designate the state's attorney as the respondent proceedings. Our brief does point out that, of course, ISP can intervene like any other party, but given Winders and Bailey, which were subsequent to oral argument in this case, I would have to agree with you, Your Honor. Thank you. I kind of got the sense from the court's earlier comments that it's not inclined to vacate. I would point out that in Winders and Bailey both, which favor ISP, both of those courts remanded with instructions that they be allowed to intervene. There was no going to the merits of the post-judgment motion or anything like that. We think that that would be appropriate in this case. So for the reasons stated in our brief, and I will stand on our brief, we do urge that the decision-denying intervention be granted, but in the instance that it's reversed, we ask that it be remanded for further proceedings. If there's no other questions, I'll stand on my brief. I don't see any. Thank you, Mr. Smothers. Thank you, Judge. Mr. Turner, rebuttal. As counsel has conceded, the binding authority at this point holds that state police is entitled, as a matter of right, to intervene in circumstances such as this. Otherwise, with regard to the merits, I only ask to make sure, since the court, the circuit court below had conspicuously not made a finding that it was, that issuing the void card would not be contrary to federal law, and the appellate courts have sort of repeatedly in the recent history had to file, had to issue opinions from each of the districts reminding the circuit courts that since the 2013 amendments, they have to make that finding now. They don't have discretion to issue a void card, even though it would be contrary to the Federal Gun Control Act. I just would hope that the court would either grant the motion to vacate on the basis that it never made the finding, or otherwise remind the court that that is the issue. But unless the court has any other questions, I'll stand on my brief. Thank you, counsel. Thank you both. The case will be taken under advisement and a written decision shall issue.